UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD TAYLOR, JR.,

    Plaintiff,

    v.                                CAUSE NO.: 3:18-CV-457-PPS-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Leonard Taylor, Jr., a prisoner without a lawyer, filed a complaint (ECF 1) against Ron Neal alleging he has been denied adequate medical care while housed at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor was diagnosed with an inguinal hernia in January of 2018. By May 10, 2018, the hernia had grown in size and was painful. He was given pain medication and told that he would be provided with a hernia belt. But, when he filed his complaint on June 11, 2018, he still had not received the hernia belt.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are not, however, "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Here, it can be plausibly inferred that Taylor is not receiving medical care sufficient to address his inguinal hernia. Accepting the complaint as true, and giving Taylor the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, I find that Taylor has plausibly stated a claim of deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Taylor, however, has sued only Ron Neal, but he has not alleged that Neal was personally involved in making decisions regarding his medical care. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch* , 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). While Taylor will not be able to recover monetary damages from Neal in his individual capacity, he may proceed against Neal in his official capacity to the extent he seeks injunctive relief.

For these reasons, the court:

(1) GRANTS Leonard Taylor, Jr. leave to proceed against Ron Neal in his official capacity for injunctive relief for denying necessary medical care for his inguinal hernia, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ron Neal at the Indiana State Prison with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(4) ORDERS Ron Neal to file an affidavit or declaration with the court by **July 16, 2018**, explaining how he is satisfying his obligations under the Eighth Amendment to provide adequate medical care for Leonard Taylor, Jr.'s inguinal hernia; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT